IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RODNEY BRANTON,<br><br>　　　　　　　　Petitioner,<br><br>　　vs.<br><br>BRIAN FISCHER,[1] New York State<br>Department of Correctional Services,<br><br>　　　　　　　　Respondent. | No. 9:08-cv-00501-JKS<br><br>MEMORANDUM DECISION |

　　　　Rodney Branton, a state prisoner appearing *pro se*, filed a Petition for Habeas Corpus Relief under 28 U.S.C. § 2254.  Branton is currently in the custody of the New York State Department of Correctional Services, on supervised release.  Respondent has answered, and Branton has replied.

I.  BACKGROUND/PRIOR PROCEEDINGS

　　　　A New York grand jury indicted Branton in two indictments.  The first indictment charged Branton with Attempted Assault in the First Degree (N.Y. Penal Law §§ 110.00, 120.10[1]), Reckless Endangerment in the First Degree (N.Y. Penal Law § 120.25), and Making a False Written Statement (N.Y. Penal Law § 210.45).  The second indictment charged Branton with Rape in the First Degree (N.Y. Penal Law § 130.35[1]), Rape in the Second Degree (N.Y. Penal Law § 130.25[3]), Assault in the Second Degree (N.Y. Penal Law § 120.05[2]),

---

[1] Brian Fischer, Commissioner, New York State Department of Correctional Services, is substituted for Calvin O. Rabsatt, Superintendent, Riverview Correctional Center.  Fed. R. Civ. P. 25(d).

Endangering the Welfare of a Child (N.Y. Penal Law § 260.10[1]), and Criminal Possession of a Controlled Substance (N.Y. Penal Law § 220.03).

In September 2005, after entering a guilty plea during trial on the first indictment,[2] Branton was convicted in the Schenectady County Court of one count of Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law § 265.02) on the first indictment (as amended) and one count of Assault in the Second Degree (N.Y. Penal Law § 120.05) on the second indictment in exchange for the dismissal of all other charges.  Prior to sentencing, Branton, appearing through counsel, moved the Schenectady County Court to set aside his plea.  Branton's motion was denied.  The Schenectady County Court then sentenced Branton to concurrent prison terms of five years followed by three years of supervised release on each count.  Branton timely appealed to the Appellate Division, Third Department, which affirmed his conviction and sentence, and the New York Court of Appeals denied leave to appeal on May 21, 2007.[3]  While Branton's application for leave to appeal was pending before the New York Court of Appeals, Branton, appearing *pro se*, filed a motion to vacate his conviction under N.Y. Criminal Procedure Law § 440.10 (CPL § 440.10 motion) in the Schenectady County Court.  The Schenectady County Court denied Branton's motion partially on procedural grounds,[4] and partially on the merits.  The Appellate Division summarily denied leave to appeal this dedcision on May 10, 2007.  On July 17, 2007, Branton, appearing *pro se*, sought a writ of error *coram nobis* from the Appellate Division, Third Department, which summarily denied his application on October 3,

---

[2] Branton entered his plea prior to trial on the second indictment.

[3] *People v. Branton*, 826 N.Y.S.2d 489 (N.Y.A.D. 2006), *lv. denied*, 869 N.E.2d 485 (N.Y. 2007).

[4] N.Y. Crim. Proc. Law § 440.10[2](c).

2007. On October 24, 2007, Branton filed a second motion for a writ of error *coram nobis* in the Appellate Division, Third Department, which again summarily denied Branton's application on December 5, 2007.[5] On December 13, 2007, Branton filed a second CPL § 440.10 motion in the Schenectady County Court. On May 12, 2008, The Schenectady County Court denied Branton's second CPL § 440.10 motion on procedural grounds.[6] Branton timely filed his Petition for relief in this Court on May 12, 2008.

The Appellate Division on direct review summarized the proceedings in the trial court as follows:

> [Branton] was involved in an incident during which several gunshots were fired at a residence. While the indictment related to that incident was pending, he was charged with several crimes in an unrelated sexual assault upon his girlfriend. During his trial on the shooting incident, after the man that [Branton] alleged was the actual shooter indicated that if he testified he would implicate [Branton] as the shooter, defense counsel negotiated a plea agreement. Under that agreement, the People would amend the indictment to include one count of criminal possession of a weapon in the third degree and [Branton] would plead guilty to that count in exchange for a prison sentence of five years followed by a period of postrelease supervision. The agreement also resolved the sexual assault incident, with [Branton] agreeing to plead guilty to assault in the second degree after an indictment was returned on that matter, in exchange for a sentence concurrent with, and no longer than, the sentence on the weapon possession count. [Branton] pleaded guilty to each indictment as required, but prior to sentencing he moved to withdraw his guilty pleas (*see* CPL 220.60). County Court denied his motion and sentenced him in accordance with his pleas, resulting in this appeal.[7]

---

[5] Branton did not seek further review in the New York Court of Appeals of either application for a writ of error *coram nobis*.

[6] N.Y. Crim. Proc. Law § 440.10[2](c), [3](b). The record does not reflect that Branton sought leave from the Appellate Division, Third Department, to appeal denial of his second CPL § 440.10 motion.

[7] *Branton*, 826 N.Y.S.2d at 490.

## II.  ISSUES RAISED/DEFENSES

In his Petition, Branton raises four grounds:  (1) ineffective assistance of trial counsel for permitting the court to amend the indictment and allowing conviction on a charge the grand jury dismissed; (2) the plea was improper and unconstitutional; (3) ineffective assistance of appellate counsel for failing to argue that trial counsel was ineffective and that the amendment to the indictment exceeded the trial court's jurisdiction; and (4) the trial court abused its discretion in denying Branton's motion to withdraw his guilty plea.[8]  Respondent contends that, except to the extent that Branton raised his claims on direct appeal, they are unexhausted and procedurally barred.  Respondent raises no other affirmative defense.[9]

## III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, this Court cannot grant relief unless the decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[10]  The Supreme Court has explained that "clearly established Federal law" in

---

[8] This Court notes that Branton has not in either his state-court proceedings or in his Petition before this Court challenged, either directly or inferentially, his plea to being a felon in possession of a firearm.  Other than a general claim that he should have been permitted to withdraw his guilty plea, Branton's specific arguments are directed only to the dismissed charges in the first indictment, and his plea on the second-degree assault charge in the second indictment. *See, e.g.*, the motion to withdraw his guilty plea filed in the Schenectady County Court.  Docket No. 11-2.

[9] *See* Rules—Section 2254 Cases, Rule 5(b).

[10] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also*
(continued...)

§ 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[11]  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[12]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[13]  When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[14]  The Supreme Court has made it clear that the objectively unreasonable standard is a substantially higher threshold than simply believing that the state court determination was incorrect.[15]  "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[16]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal proceeding is whether the error

---

[10](...continued)
*Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[11] *Williams*, 529 U.S. at 412.

[12] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[13] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam).

[14] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[15] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[16] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

had a substantial and injurious effect or influence in determining the outcome.[17] Petitioner "bears the burden of proving by a preponderance of the evidence that his constitutional rights have been violated."[18]

In applying this standard, this Court reviews the last reasoned decision by the state court.[19] In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[20] Although pre-AEDPA precedent established that deference is due findings of state appellate courts,[21] the Second Circuit has left the question open with respect to AEDPA cases.[22] In the absence of a clear indication from the Second Circuit to the contrary, this Court can find no principled reason not to apply the same rule in the context of AEDPA, i.e., findings of a state appellate court are presumed to be correct.

---

[17] *See Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[18] *Hawkins v. Costello*, 460 F.3d 238, 246 (2d Cir. 2006) (internal quotation marks and citation omitted).

[19] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir. 2000).

[20] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[21] *See Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Ventura v. Meachum*, 957 F.2d 1048, 1055 (2d Cir. 1992).

[22] *See Boyette v. Lefevre*, 246 F.3d 76, 88 n.7 (2d Cir. 2001).

IV.  DISCUSSION

**A.  Exhaustion/Procedural Bar**

This Court may not consider claims that have not been fairly presented to the state courts.[23]  A petitioner satisfies the fair presentation aspect of the exhaustion requirement by presenting the essential factual and legal premises of his federal constitutional claim to the appropriate state courts.[24]  An issue is exhausted when the substance of the federal claim is clearly raised and decided in the state court proceedings, irrespective of the label used.[25]  Exhaustion does not require that Branton have cited the "book and verse on the federal constitution."[26]  A petitioner who does not cite "book and verse of the Constitution" may nonetheless "fairly present to the state courts the constitutional nature of his claim" through:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.[27]

Branton challenged the voluntariness of his guilty plea before the trial court in his motion to set aside his plea under N.Y. Criminal Procedure Law § 220.60, on direct appeal before the Appellate Division, and in his application for leave to appeal filed with the New York Court of Appeals.  In his first CPL § 440.10 motion, Branton challenged the validity of his guilty plea on

---

[23] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

[24] *Acosta v. Artuz*, 575 F.3d 177, 185 (2d Cir. 2009) (citing *Reese*, 541 U.S. at 30-34); *Rosa v. McCray*, 396 F.3d 210, 217 (2d Cir. 2005).

[25] *Jackson v. Edwards*, 404 F.3d 612, 619 (2d Cir. 2005).

[26] *Picard v. Connor*, 404 U.S. 270, 278 (1971).

[27] *Daye v. Attorney General of the State of N.Y.*, 696 F.2d 186, 194 (2d Cir. 1982) (en banc).

the ground that he had not been indicted for the weapons charge and the improper amendment of the indictment to include the weapons charge. The Schenectady County Court denied his motion on these two issues on the basis that they could have been raised on direct appeal, citing N.Y. Criminal Procedure Law § 440.10[2](c).[28] Branton also raised his ineffective assistance of trial counsel in his first CPL § 440.10 motion; however, in his application for leave to appeal the denial of his motion, Branton sought leave solely on the issue that the indictment was improperly amended to include a weapons charge.[29] All other grounds were first raised in the state courts in either one of his two applications for a writ of error *coram nobis*, or his second CPL § 440.10 motion.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."[30] This Court may not reach the merits of procedurally defaulted claims, that is, claims "in which the petitioner failed to follow applicable state procedural rules in raising the claims . . . ."[31] Under controlling Second Circuit law, to constitute an adequate and independent state law ground, the ground must be consistently applied[32] and expressly relied upon.[33] N.Y. Criminal Procedure Law § 440.10[2](c), which precludes review

---

[28] Docket No. 11-14, p. 3.

[29] Docket No. 11-15.

[30] *Coleman,* 501 U.S. at 729.

[31] *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992).

[32] *Richardson v. Greene*, 497 F.3d 212, 217-18 (2d Cir. 2007).

[33] *Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005).

under § 440.10 of those claims that either were or could have been raised on direct appeal, is an adequate and independent state ground consistently applied.[34]

Even if Branton could show good cause, his claims are procedurally barred under adequate and independent state grounds. Branton has already had his one and only direct appeal permitted under New York law.[35] The record shows that, except for his ineffective assistance of appellate counsel claim, the alleged errors were clearly of record in the trial court reviewable on direct appeal; thus, Branton would be precluded from raising them in a CPL § 440.10 motion by § 440.10[2](c).[36] Since Branton no longer has any state-court remedy available, these claims are deemed exhausted and procedurally barred from review in a federal habeas proceeding.[37] To avoid a procedural bar, a petitioner must demonstrate either cause for the default and actual prejudice, or that the failure to consider the claims will result in a fundamental miscarriage of justice.[38] To prove a fundamental miscarriage of justice, a petitioner must show that a constitutional violation probably resulted in his conviction despite his actual innocence.[39] Although at the gateway stage the petitioner need not establish his innocence as an "absolute

---

[34] *Sweet v. Bennett*, 353 F.3d 135, 141 (2d Cir. 2003).

[35] *See Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001).

[36] *Id.*

[37] *See Coleman*, 501 U.S. at 731-32.

[38] *Id.* at 749-50 (citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)).

[39] *See Schlup v. Delo,* 513 U.S. 298, 321-25 (1995) (linking miscarriages of justice to actual innocence); *United States v. Olano,* 507 U.S. 725, 736 (1993) ("In our collateral-review jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent."); *Murray v. Carrier,* 477 U.S. 478, 496 (1986) ("in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.").

certainty," the petitioner must demonstrate that more likely than not, no reasonable juror could find him guilty beyond a reasonable doubt.[40]

Branton claims he is actually innocent. The Appellate Division addressed and rejected that claim on direct appeal:

> [. . . .] [Branton's] protestations of innocence, supported only by his own affidavit regarding the weapon possession charge and by his girlfriend's affidavit recanting the rape allegations but admitting that defendant assaulted her, were insufficient to require a hearing. His affidavit consisted of hearsay concerning equivocal statements by the person he alleged was the actual shooter and generally attacked the original charges, not the criminal possession of a weapon charge to which he pleaded guilty. Under the circumstances, the court did not err in denying [Branton's] motion without a hearing.[41]

Branton has not presented clear and convincing evidence to rebut the presumption that the factual findings by the Appellate Division are correct.[42] Thus, Branton has not established actual innocence or a fundamental miscarriage of justice sufficient to overcome the procedural bar.

Under New York law, where the Appellate Division denies an application for a writ of error *coram nobis*, the defendant may seek leave to appeal from the New York Court of Appeals.[43] Where a trial court denies a CPL § 440.10 motion, a defendant may seek leave to appeal from the Appellate Division.[44] In this case, Branton did not seek further review of either of his two applications for a writ of error *coram nobis*, or his second CPL § 440.10 motion. Thus, at the time Branton filed his Petition in this Court, Branton had failed to exhaust his

---

[40] *House v. Bell*, 547 U.S. 518, 538 (2006).

[41] *Branton*, 826 N.Y.S.2d at 491 (citations omitted).

[42] 28 U.S.C. § 2254(e)(1); *Miller-El, supra*.

[43] N.Y. Crim. Proc. Law § 460.20; N.Y. Comp. Code & Regs. tit. 22, § 500.20.

[44] N.Y. Crim. Proc. Law § 460.15; N.Y. Comp. Code & Regs. tit. 22, § 800.3.

available state court remedies to the extent that he raised for the first time the claims made in those proceedings. Consequently, those claims must be dismissed.[45] Therefore, the only claims that have been exhausted and are properly before this Court, are the claims Branton raised on direct appeal.

**B. Voluntariness of the Plea**

Branton argues that the Schenectady County Court's rejection of his motion to withdraw his guilty plea was an abuse of discretion, and his guilty plea was coerced and involuntary. In rejecting Branton's arguments the Appellate Division held:

> County Court did not abuse its discretion in refusing to permit [Branton] to withdraw his pleas without a hearing because the record did not contain evidence calling into question the voluntariness of the pleas or [Branton's] innocence. [Branton's] pleas were not coerced or rendered involuntary based on counsel's urging that defendant accept the plea agreements or merely because defendant only had a short time to decide whether to plead guilty. During the plea colloquies, [Branton] admitted his guilt, acknowledged that he committed the acts constituting the elements of each crime and stated that he understood his rights, understood the terms of the plea agreements, was not threatened or induced into pleading guilty and had discussed the matter sufficiently with his attorney. The court also permitted him to speak to a family member before deciding to plead guilty during his trial.[46]

Branton faces a high hurdle in seeking to overturn a guilty plea on collateral review. As the Supreme Court has held:

> It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. It is also well settled that plea agreements are consistent with the requirements of voluntariness and intelligence because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange. It is only

---

[45] *See Rhines v. Weber*, 544 U.S. 269, 275-78 (2005); *Engle v. Issac*, 456 U.S. 107, 125 n.28 (1982); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[46] *Branton*, 826 N.Y.S.2d 490-91 (citations omitted).

when the consensual character of the plea is called into question that the validity of a guilty plea may be impaired.  *In Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), we stated the applicable standard:

> [A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).[47]

Twenty years later the Court explained:

> This Court recently explained, in reversing a lower court determination that a guilty plea was not voluntary: "[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances- even though the defendant may not know the *specific detailed* consequences of invoking it." *United States v. Ruiz*, 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002) (emphasis in original).  We similarly observed in *Patterson*: "If [the defendant] . . . lacked a full and complete appreciation of all of the consequences flowing from his waiver, it does not defeat the State's showing that the information it provided to him satisfied the constitutional minimum." 487 U.S., at 294, 108 S.Ct. 2389 (internal quotation marks omitted).[48]

The Appellate Division found, based upon the plea colloquy, that Branton entered his guilty plea freely and voluntarily, understood the charges against him, had discussed the case with his attorney, and admitted the factual basis for the charges.  Branton has not rebutted those findings by clear and convincing evidence.  This Court is bound by those findings.[49]

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations

---

[47] *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984) (internal quotation marks and citations omitted), *disapproved on other grounds in Puckett v. United States*, 556 U.S. ---, 129 S. Ct. 1423, 1430 n.1 (2009).

[48] *Iowa v Tovar*, 541 U.S. 77, 92 (2004) (emphasis in the original).

[49] 28 U.S.C. § 2254(e)(1); *Miller-El, supra*.

in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.[50]

This matter did not go to the jury; instead, after trial had commenced, Branton entered a guilty plea upon the advice of counsel.

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.[51]

Accordingly, the only issue that may be properly raised in this case is whether counsel was so ineffective in advising Branton to plead guilty that it rendered his plea unknowing, unintelligent and involuntary. As noted in subpart A, above, Branton raised in his first CPL § 440.10 motion his claim that trial counsel was ineffective for failing to object to the amendment of the indictment to include the assault charge and permitting him to enter a guilty plea, but did not pursue those claims in his application for leave to appeal. Thus, Branton's ineffective assistance of counsel claim is unexhausted. The failure to properly exhaust his ineffective assistance of counsel notwithstanding, this Court will address it in the context of Branton's attack on the validity of his guilty plea.

Under *Strickland*, to demonstrate ineffective assistance of counsel, Branton must show both that his counsel's performance was deficient and that the deficient performance prejudiced

---

[50] *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (citing *Marichoba v. United States*, 368 U.S. 487, 495-96 (1962)).

[51] *United States v. Boce*, 488 U.S. 563, 569 (1989).

his defense.[52]  A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[53]  The Supreme Court has explained that a habeas petitioner must not only show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, but that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[54]

In denying Branton's first CPL § 440.10 motion, the Schenectady County Court held:

> [Branton's] allegation that he received ineffective assistance of counsel is also without merit.  A defendant's constitutional right to effective assistance of counsel is satisfied when the evidence, the law, and the circumstances of the case, viewed in totality and as of the time of representation, establish that the defendant received meaningful representation.  To succeed on an ineffective assistance of counsel claim [Branton] must show the "absence of strategic or other legitimate explanations" for counsel's actions.  A defendant who enters a guilty plea will have been afforded meaningful representation if the defendant "receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel."
> In this case, [Branton] received an advantageous plea bargain.  He pled guilty after hearing the People's case in chief and after learning that the person he claims to have fired the shots was going to testify that defendant was the actual shooter.  In order to avoid this potentially damaging testimony and the possibility that the jury may find him guilty, [Branton] entered into a two-fold plea agreement. This agreement disposed of the case he was on trial for as well as pending rape charges. As a result, [Brandon's] sentences were run concurrently and he was sentenced to a total of five years incarceration with a period of post-release supervision.  Viewing the defense attorney's actions in totality this Court finds that [Branton] received meaningful representation.[55]

---

[52] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[53] *Id*.

[54] *Woodford v. Visciotti*, 537 U.S. 19, 22-23 (2002); *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[55] Docket No. 11-14, pp. 3-4.

The Schenectady County Court also rejected the claim that he was improperly indicted on the assault in the second degree, holding:

> [. . . .] It should also be noted that defendant was arraigned on and pled guilty to Assault in the Second Degree under Indictment Number 205-36 on May 17, 2005. Therefore, his allegation that the charge was unindicted is without merit and conclusively refuted by the record.[56]

In reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro, supra,* at 473, 127 S.Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado,* 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").[57]

It is through this doubly deferential lens that a federal habeas court reviews *Strickland* claims under the § 2254(d)(1) standard.[58] The Supreme Court, applying the "doubly deferential standard," has made clear that when adjudicating ineffective assistance of counsel claims in federal habeas proceedings, unlike the situation on direct review, focus is not on whether counsel's performance fell below the *Strickland* standard. Rather, the focus is on whether the state-court decision holding that counsel was not ineffective constituted an "*unreasonable* application of federal law[,][which] is different from an *incorrect* application of federal law."[59]

---

[56] Docket No. 14-11, p. 3.

[57] *Knowles v. Mirzayance*, 556 U.S. ___, 129 S. Ct. 1411, 1420 (2009).

[58] *See id.* (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

[59] *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011) (emphasis in the original).

Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.[60]

Based upon the record before it, and giving Branton the benefit of every plausible legal argument in his favor, this Court cannot find that the decisions of the New York courts were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[61]

## V. CONCLUSION AND ORDER

Branton is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[62] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[63]

---

[60] *Id.* at 786.

[61] 28 U.S.C. § 2254(d); *see Eisemann v. Herbert*, 401 F.3d 102, 110 (2d Cir. 2005); *McKinney v. Artuz*, 326 F.3d 87, 103 (2d Cir. 2003).

[62] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[63] *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court is to enter judgment accordingly.

Dated:  April 14, 2011.

                                                         /s/ James K. Singleton, Jr.
                                                     JAMES K. SINGLETON, JR.
                                                   United States District Judge